Supreme Court, May, 1917.                    [Vol. 100.

August C. Houle, Plaintiff, *v.* Cora L. Houle, Defendant.

(Supreme Court, New York Special Term, May, 1917.)

Marriage — annulment of — husband and wife — duress — legitimacy of child born out of lawful wedlock — Domestic Relations Law, § 24.

> Where, after the birth of a child of which plaintiff was the father, the mother coerced him by threats of bodily violence, to be inflicted by her brother, to go through the form of a marriage ceremony and he complied upon the express understanding, embodied in a writing, that they should never live together as husband and wife nor have any claim upon each other because of, or arising from, the marriage ceremony, and it is established that they had not cohabited or lived together as husband and wife, plaintiff is entitled to a decree of annulment on the ground that his consent to the marriage was procured under duress.

> The child, however, by virtue of section 24 of the Domestic Relations Law, became legitimatized by the marriage, and its status in that regard was not disturbed because of the fact that subsequently said marriage was annulled.

Action for annulment of marriage.

W. A. Kroyer for plaintiff.

L. M. McGee for defendant.

Greenbaum, J. Action for annulment of marriage. The proofs satisfactorily establish that the plaintiff was the father of a child born to defendant before her marriage with him, and that after. the birth of the child she coerced him, by threats of violence to be inflicted upon him by her brother, to go through the form of . a marriage ceremony with her, so that she might have the legal right to use his name and confer upon her child the right to bear his name and upon

the express understanding between them, embodied in writing, that they should never live together as husband and wife and that neither should be obliged to assume or perform any of the duties or rights of husband and wife towards each other, nor have any claim upon the other because of or arising from the said marriage ceremony. It was also established that the parties have not cohabited nor lived together as husband and wife. The plaintiff is entitled to a decree of annulment upon the ground that his consent to the marriage was procured under duress. An important question, however, arises as to the legitimacy of the issue of the parties. By section 7 of the Domestic Relations Law a marriage procured by duress is voidable and becomes " void from the time its nullity is declared by a court of competent jurisdiction." A very important distinction exists between a void and voidable marriage. In the former case the marriage is void *ab initio.* It never was a marriage. The legislative authority to procure a formal declaration of its nullity by the court is clearly in the interest of the public for the purpose of affording conclusive evidence by judicial decree of the fact that the marriage was void and never had any legal effect. *McCullen* v. *McCullen,* 162 App. Div. 599, 601. In the case of a voidable marriage, the marriage is legal until annulled by the court, and it only becomes void from the time its nullity is determined by the judgment of the court. In other words, the decree of nullity does not operate to make the marriage void *ab initio.* The legality of the marriage status and of all the consequences ordinarily flowing therefrom, from the time the voidable marriage relationship began until its annullment, is undisturbed. Such is the plain statutory declaration (Dom. Rel. Law, § 7) as interpreted by the courts. *McCullen* v. *McCullen, supra,* 601; *Barker* v. *Barker,*

172 App. Div. 244, 250; *Matter of Biersack,* 96 Misc. Rep. 161, 179, 180. A careful study of the Code provisions relating to annullment of marriage reveals that the legislature recognized the distinction to be observed between a void and a voidable marriage. For example, section 6 of the Domestic Relations Law declares under certain circumstances a marriage " absolutely void if contracted by a person whose husband or wife by a former marriage is living," whereas section 7, which refers to voidable marriages, declares such a marriage " void from the time its nullity is declared by a court of competent jurisdiction." By section 1745 of the Code of Civil Procedure, it is expressly provided that the children of the void marriage there considered shall, under the conditions therein presented, be deemed legitimate. This provision, without doubt, was made to overcome the common law rule which declared children of a void marriage illegitimate. The Code, however, contains no provision upon the subject of legitimating children born or begotten under a voidable marriage. This would seem to be entirely logical, for the all-sufficient reason that the statute has modified the common law rule under which a voidable marriage, when annulled, became void *ab initio* (*Price* v. *Price,* 124 N. Y. 589, 598), by providing that it is only void from the time that its nullity is judicially declared. Section 24 of the Domestic Relations Law declares that: "All illegitimate children whose parents have heretofore intermarried or who shall hereafter intermarry shall thereby become legitimatized and shall become legitimate for all purposes and entitled to all the rights and privileges of legitimate children." Battershall's Domestic Relations, at page 71, states: " There is no statute making the children of a marriage annulled for fraud or duress the legitimate children of either

parent. Hence it is to be presumed that the common law applies, and the children will be bastards.'' The learned author evidently was in error in reaching his conclusion. As already shown there was no necessity for any such statute, in view of the statutory provision that a voidable marriage becomes void only from the time its nullity is declared by a competent court, thus leaving the marriage lawful during the period commencing at the date of the marriage and ending at the date of annulment, and making the child legitimate upon the marriage of its parents. I have therefore no doubt that the child of the parties to this action, born out of lawful wedlock, became legitimated by their marriage, by virtue of section 24 of the Domestic Relations Law, and its status in that regard could not be disturbed because of the subsequent annulment of the marriage. A decree of annulment will be entered, with a provision, although perhaps not strictly necessary, that their child may be declared legitimate. The court will determine to whom the custody of the child be awarded upon the submission of the proposed decision and judgment.

Ordered accordingly.