CHARLES WOLF, Plaintiff, *v.* MOLLIE WOLF, Defendant.

(Supreme Court, Nassau Special Term, November, 1919.)

**Husband and wife — presumption of death — when marriage will not be annulled.**

> Where it does not appear that defendant's former husband had absented himself for five years her common-law marriage to plaintiff in 1894 is void.
>
> Where in 1900, after investigation and in the honest belief that her former husband is dead, a ceremonial marriage was entered into by her with plaintiff, said marriage, though voidable, is not void.
>
> In an action to annul said marriage on the ground that at the time it was entered into the defendant had a former husband living, it appeared that plaintiff was acquainted with defendant and her former husband before his first disappearance and caused investigations to be made which led to the conclusion that he was dead. It also appeared that though plaintiff was informed in 1905 of the former husband's reappearance, he continued to live with defendant as her husband and though he assured her that he would stand by her, he, in 1916, procured a Nevada divorce from her upon constructive service of the papers. The next year they became reconciled and continued to live together almost up to the time of the trial. Upon granting judgment dismissing the complaint upon the merits, *held,* that as no competent evidence was produced that the former husband had been heard from within seven years last past the presumption was that he was dead, and in the circumstances disclosed it would be inequitable to grant the decree of annulment.

ACTION for the annulment of a marriage.

John J. Weiss and Louis Bleier (William C. Robeson, of counsel), for plaintiff.

William H. Griffin, for defendant.

BENEDICT, J. This is an action by husband against wife for the annulment of a marriage on the ground that at the time of such marriage a former husband of the defendant was living and that her marriage to such former husband was then in full force and effect. The answer contains several defenses, but the gist of them is that prior to said marriage defendant's former husband had absented himself for more than five years, without being known to her to be living, and that she contracted the marriage with plaintiff in good faith, in the honest belief that her former husband was dead, and further, that after plaintiff found out that the former husband was living he continued to live with defendant in the mutually acknowledged relation of husband and wife for over ten years longer.

Upon the evidence I have determined, as matter of fact, that defendant's former husband, at the time of the ceremonial marriage in 1900, had absented himself for a period of over five years without being known to her to be living, and that she contracted said marriage with plaintiff in good faith, in the honest belief, based upon due investigation, that her former husband was dead. As her former husband was not then dead, such marriage was, of course, voidable, but not void. Dom. Rel. Law of 1896, §§ 3, 4, continued in present Dom. Rel. Law, as §§ 6, 7.

I think I cannot hold the alleged common-law marriage, which is claimed to have been contracted in 1894, to be voidable, rather than void, for the reason that it does not appear that at that time defendant's former husband had absented himself for five years.

The defendant's former husband, whose name was Denlea, reappeared in 1905, and again he was in this vicinity in 1911 and perhaps as late as the spring of 1912, which is the last competent evidence we have of his whereabouts or existence. Plaintiff knew of

defendant's former marriage to Denlea, in fact, was acquainted with both of them before Denlea's first disappearance, and plaintiff himself made or caused to be made the investigations which led up to the conclusion that Denlea was dead. Plaintiff was also informed in 1905 of Denlea's reappearance, but he continued to live with defendant as her husband, assuring her that he would stand by her. In December, 1916, plaintiff went to Nevada and there procured a decree of divorce from defendant, based, however, upon constructive service and hence not entitled to recognition here under the policy of our laws. He returned in the summer of 1917, and there was a reconciliation between him and defendant, whereupon they again lived together, and continued to live in the same house, at least, almost up to the time of the trial of this action.

Under these circumstances relief should, I think, be denied to plaintiff. The presumption is that Denlea is no longer living, as no competent evidence was produced that he had been heard from within seven years last past. If the plaintiff wished to have his marriage to defendant annulled because Denlea was in fact living when such marriage was contracted, he should promptly have ceased cohabitation with her, even if he did not bring his action promptly. His continued cohabitation with defendant for a period of over ten years, and his delay of thirteen years in bringing this action, together with his other conduct above recited, and all the circumstances, render it inequitable to grant him a decree of annulment at this late day. There is, I think, sufficient authority for refusing a decree under such circumstances.

I think the correct doctrine in cases of voidable marriage was stated by Mr. Justice Woodward in *Stokes* v. *Stokes,* 128 App. Div. 838, 841, a case in some respects similar to the case at bar. The judgment of

reversal in the Court of Appeals (198 N. Y. 301) pro-
ceeded upon the ground that under the circumstances
disclosed the marriage was void and not voidable, and
it was, moreover, expressly recognized that there were
cases where relief might be denied on equitable
grounds. See p. 312. See, also, *Kaufman* v. *Kaufman,*
177 App. Div. 162, 165; *Brown* v. *Brown,* 153 id. 645;
*Berry* v. *Berry,* 130 id. 53; *Taylor* v. *Taylor,* 63 id.
231, 234; affd., 173 N. Y. 266; *Tiedemann* v. *Tiedemann,*
94 Misc. Rep. 449; *McCarron* v. *McCarron,* 26 id. 158,
*Tait* v. *Tait,* 3 id. 218; *Kerrison* v. *Kerrison,* 8 Abb.
N. C. 444.

I think the son of the parties, born prior to the cere-
monial marriage in 1900, was legitimated by that mar-
riage, notwithstanding that it was voidable, for until
annulled by decree of a competent court it has all the
incidents and effects of a valid marriage. *Houle* v.
*Houle,* 100 Misc. Rep. 28.

Judgment for defendant dismissing the complaint
on the merits, with costs.

Judgment for defendant, with costs.