Matter of the Estate of ANNIE WRIGHT (RHETT), Deceased.

(Surrogate's Court, New York County, February, 1920.)

Executors and administrators — when letters of administration will be revoked — evidence — husband and wife — marriage.

Letters of administration granted to one claiming to be the husband of decedent by a civil marriage will be revoked upon the petition of the husband of decedent by a common-law marriage entered into some time previous to the civil marriage.

PROCEEDING for the revocation of letters of administration.

S. A. Singerman, for petitioner David Rhett.

Walter J. Conway, for administrator.

FOLEY, S. This is a proceeding for the revocation of letters of administration upon the principal ground that the issuance of said letters was procured by the false statement in the petition that the respondent is the husband of the decedent. The petitioner herein, David Rhett, claims to be the lawful husband by virtue of a common-law marriage. In my opinion the evidence, both oral and documentary, proves such a common-law marriage. During the period of such marriage David Rhett was drafted and served in the army overseas. His wife did not hear from him for several months, and on December 17, 1918, she entered into a ceremonial marriage with the respondent, Primus Wright. The latter is the present administrator. Upon the return of Rhett from France the decedent left Wright, and again lived with the petitioner. There is no doubt that the second marriage of the decedent was void. Dom. Rel. Law, § 6. The fact that the decedent and the respondent lived together as husband and wife under the ceremonial marriage, which was void, does not affect the legality of the first marriage or the nullity of the second marriage. *McCullen* v. *McCullen*, 162 App. Div. 599. David Rhett being, in my opinion, the lawful husband of the decedent, the statement that respondent was the husband contained in the petition for letters is false, and the letters must therefore be revoked. *Kerr* v. *Kerr*, 41 N. Y. 272. The attention of counsel is called to that part of the evidence which discloses that decedent left not only a husband, but next of kin as well.

Application granted.