Matter of Proving the Last Will and Testament of ARTHUR HENRY GAFFKEN, Late of the County of Kings, Deceased.

(Surrogate's Court, Kings County, March, 1921.)

Wills — when may be admitted to probate — testamentary provisions — Decedent Estate Law, § 35.

> A testamentary provision in the will of an unmarried testator for one who was his wife at the time of his death is a provision for his "wife" within the meaning of section 35 of the Decedent Estate Law, as amended in 1919, and the will may be admitted to probate subject to the rights of testator's son, not mentioned in the will, as provided in such statute.

PROCEEDING upon the probate of a will.

Harry W. Kouwenhoven, for proponent.

Herbert Parsons, for contestant.

WINGATE, S.    The determination as to whether the will propounded for probate is revoked by marriage and birth of issue after its making is controlled by the law in force at the date of the testator's death.

The intention of the legislature, by the amendment in 1919 to section 35 of the Decedent Estate Law, seems to have been to provide that a will is revoked under the conditions specified in that section only as to such of the class of wife and issue as are not provided for in the will or by some settlement, or in such way mentioned in the will as to show an intention not to make such provision. The provision in the propounded paper for Marie Louise Krom, who was the testator's wife at the time of his death, is a provision for his wife within the meaning of this

statute, and as to her the will of the decedent is not revoked.

There is concededly no provision for decedent's son contained in the will now before the court or in any settlement, nor is any mention made of him in the will. He is, accordingly, entitled to the same rights in the estate of the decedent as would be his if such will had not been made.

The will is admitted to probate subject to the rights of the testator's son as provided in the statute cited *supra*.

Probate decreed.