In the Matter of the Probate of the Last Will and Testament of Martha Flynn, Deceased.

Surrogate's Court, New York County, June, 1922.

*Wills — a will is not revoked by a void marriage contracted by a woman whose first husband was still alive.*

Proceeding to probate a will.

*James D. Fessenden*, for proponent.

*Rounds, Hatch, Dillingham & Debevoise* (*August M. Thiery* and *Adolph A. Beile, Jr.*, of counsel), for contestant.

Foley, S. There has been offered for probate the will of the testatrix, which bequeaths her estate to her two infant children. Their father, Frederick Flynn, and the decedent were married ceremonially in Halifax, N. S., in 1905. In 1913 they entered into a separation agreement whereby the wife retained the children.

On December 4, 1919, the testatrix married the contestant, Charles A. Church, who contends that he is the legal husband of the testatrix.

The will was executed on October 21, 1919. The evidence establishes that Frederick Flynn was alive in 1920. The testatrix, therefore, in utter disregard of law and knowing that her husband was alive, appears to have contracted the second union. The contestant contends that the will was wholly revoked by the marriage subsequent to its execution under the law of Nova Scotia, the alleged domicile of the testatrix, and that in any event that it was partially revoked by section 35 of the Decedent Estate Law, if she died a resident of the state of New York.

The estate is small. There was no issue of the second marriage. All the equities are in favor of the infant children of the testatrix. The alleged second marriage was absolutely void. Dom. Rel. Law, § 6; *Matter of Hamilton*, 76 Hun, 201; *Stein* v. *Dunne*, 119 App. Div. 1; affd., 190 N. Y. 524; *Earle* v. *Earle*, 141 App. Div. 611; *McCullen* v. *McCullen*, 162 id. 599. The will, therefore, stands unrevoked. The objections must be dismissed and the will admitted to probate. Submit decree accordingly.

Decreed accordingly.