## In the Matter of the Estate of CHARLOTTE T. REILLY, Deceased.

Surrogate's Court, New York County, July 11, 1927.

Wills — revocation — will devised money to named person " on account of the many kindnesses and services " of said person — year later testatrix married legatee — marriage revoked will, under Decedent Estate Law, § 35, as to husband — validity of marriage determined in proceeding for construction of will.

The will of the testatrix, to which a codicil was added in 1923 bequeathing a sum of money to a named person " on account of the many kindnesses and services " which he had rendered, was revoked under section 35 of the Decedent Estate Law so far as the legatee is concerned, by the marriage a year later of the testatrix to the legatee, and the husband is entitled to take as though the will had never been executed.

The validity of the marriage of the testatrix and the legatee may be determined in this proceeding for a construction of the will.

APPLICATION for construction of will.

*Olvany, Eisner & Donnelly* [*James F. Donnelly* of counsel], for the petitioner.

*Taylor & Roberts* [*Winthrop Taylor* of counsel], for H. Wallace Cohu.

O'BRIEN, S. In this application for a construction of the will of testatrix, and a codicil thereto, the court is asked to determine the legal effect under section 35 of the Decedent Estate Law (as amd. by Laws of 1919, chap. 293) of her subsequent marriage to a legatee named in the codicil. The will was executed January 8, 1917. Subsequently several codicils were executed of which one is especially presented for interpretation, viz., that executed on June 28, 1923. It reads as follows: .

"*First.* I give and bequeath to my dear friend, William F. Reilly, who resides at Number 107 South Oxford Street, Borough of Brooklyn, City, County and State of New York, the sum of Twenty-five thousand Dollars ($25,000). I am remembering my said dear friend, William F. Reilly, in this amount and in this way on account of the many kindnesses and services which he has continually shown and rendered to me over a long period of years, and it is my earnest request that this sum be paid to him as soon after my death as possible."

*On July 15, 1924,* testatrix was married to said William F. Reilly, named in the codicil, and she died on August 7, 1926. Subsequently the will and codicil were admitted to probate in a proceeding in this court. Said William F. Reilly filed objections in the probate proceeding on the ground that the will and all of the three codicils thereto were revoked as to him under the provisions of section 35 of the Decedent Estate Law. Pursuant to a stipulation, the objections were subsequently withdrawn and the rights of the parties were left to be determined in this proceeding. Section 35 of the Decedent Estate Law, as amended by chapter 293 of the Laws of 1919, reads as follows:

" Revocation by marriage. If after making any will, such testator marries, and the husband or wife, or any issue of such marriage, survives the testator, such will shall be deemed revoked as to them, unless provision shall have been made for them by some settlement, or they shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and such surviving husband or wife, and the issue of such marriage, shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as they would have been, if such will had not been made. No evidence to rebut such presumption or revocation shall be received, except as herein provided."

Surrogate's Court, New York County, July, 1927.     [Vol. 130

The petitioner, William F. Reilly, contends that the words " or they shall be provided for in the will " mean a provision in contemplation of a marital status. He further contends that because the provision contained in the codicil above quoted was " on account of the many kindnesses and services " shown and rendered to the testatrix by him, such provision was not made in contemplation of their subsequent marriage, and, therefore, is not such a provision within the meaning of section 35 of the Decedent Estate Law as will frustrate the revocation as to him of the will and codicil. On the other hand, it is contended by other legatees that section 35 of the Decedent Estate Law must be construed literally, and to mean that the legacy given by the codicil above quoted is a " provision " for the " husband " of testatrix within the meaning of the section, and, therefore, there is no revocation as to him. The question which, confronts us is whether the bequest made in said codicil executed *June 28, 1923*, over one year prior to the marriage of testatrix to the beneficiary, is such a provision as is contemplated by section 35 of the Decedent Estate Law. While it must be conceded that there was a " provision " for petitioner in said codicil and that " after " the making of said provision testatrix married the beneficiary, I am of the opinion that the bequest in said codicil is not such a " provision " as is referred to in said section 35 of the Decedent Estate Law. The framers of the statute clearly had in mind (1) a provision made in contemplation of marriage with the legatee, (2) or a provision in the nature of an antenuptial settlement. A careful analysis of the verbiage used in the statute leads inevitably to the conclusion that the situations intended in the exceptions made in said section, viz., (1) *unless provision shall have been made for them by some settlement;* or (2) they shall be provided for in the will, or (3) in such way mentioned therein as to show an intention not to make such provision, were *ejusdem generis*. The language used implies this; the title of the section, " *revocation by marriage,*" suggests it. The language used in the *third* category or exception above would seem strange and even ridiculous were it not deemed to refer to a situation where marriage of testatrix with the person " mentioned therein " is about to be consummated. The language used in the *first* category expressly refers to " some settlement " and it is natural and logical to assume that in the second category the legislators had in mind a " provision " made antenuptially in a will with the clear purpose on the part of the person making the will of substituting the bequest therein for any benefits that might naturally flow from the subsequent marriage. That these exceptions to the rule decreeing a revocation as to a spouse where

marriage takes place after the execution of a will are *ejusdem generis* and that the " provision " made in the will must be one made in contemplation of marriage and in anticipation of the natural claims that would follow such a step appear clearly when we examine the history of the rule in *Brush* v. *Wilkins* (4 Johns. Ch. 506), which antedated our statute, and in other decisions in our courts which have followed its enactment.  The rule of revocation was based upon the presumption that the change by marriage was not in the mind of the maker of the will.  The exceptions made in our statute, we must assume, were intended to cover cases where marriage was in the mind of the maker of the will.  (*Matter of Del Genovese*, 169 App. Div. 140, 144.)  Again, there are no expressions used in either the will or the codicil which convey the idea of contemplated or approaching marriage, nor did the marriage itself follow directly upon the execution of said codicil; nor may it be asserted that the bequest in question was an express provision " made in view of the new duties arising from the changed relation."  (*Matter of Del Genovese, supra.*)

A case cited by respondents in support of their contentions (*Matter of Gaffken*, 114 Misc. 693; affd., 197 App. Div. 257; affd., 233 N. Y. 688) confirms the argument above urged that the " provision " must be in the nature of an antenuptial provision and in contemplation of marriage to effect a revocation.  In that case the testator made a will in which he gave one-third of his estate to Mary L. Kron and the remaining two-thirds to his mother.  Two days later he married Mary L. Kron.  It was held that the law in effect at the time of testator's death was controlling and that the provision for Mary L. Kron, who was testator's wife at the time of his death, was a provision for his wife within the meaning of the statute, and that as to her the will of the decedent was not revoked.  I hold, therefore, that the provision for William F. Reilly made one year before the marriage and stated to be " on account of the many kindnesses and services " shown and rendered by him, is not a provision for the husband of testatrix within the meaning of section 35 of the Decedent Estate Law, and that the subsequent marriage of testatrix revoked her will and the codicils thereto as to said William F. Reilly.  A further question raised by the answer of the respondents relates to the validity of the marriage between the testatrix and William F. Reilly.  Counsel agreed that whether or not the marriage could be attacked in a collateral proceeding presented a close question.  I am o the opinion that the issue is one that can be determined in a proceeding of this nature.  (*Farnham* v. *Farnham*, 227 N. Y. 155, 158; *Matter of Flynn*, 118 Misc. 876.)  Moreover, the memorandum of peti-

tioner's attorney states his willingness to have the question determined in this proceeding. I will take testimony on that issue, therefore, on the 22d day of July, 1927, at two-thirty P. M. If the first session of this trial indicates that the trial is to be protracted, the question involved will be referred.