In the Matter of the Estate of ALBERT SIMON, Deceased.

Surrogate's Court, New York County, December 12, 1930.

*Aaron Reiss*, for the executors.

*Hartman, Sheridan, Tekulsky & Pecora* [*Daniel J. Madigan* of counsel], for the widow.

*Lewis, Marks & Kanter*, for Adele L. Lewengood, as general guardian of Meryl A. Simon, an infant.

O'BRIEN, S. Decedent died January 12, 1929. On September 24, 1925, four days before his marriage to Grace Stechen he executed a will of which the following paragraphs are germane to the question now raised upon accounting:

" *Second*. All the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situate, and whatever kind or nature of which I may be seized or possessed or to which I may be entitled, or in which I may be interested at the time of my death, I direct my executors to convert into money as soon after my death as in their discretion may seem fit, proper and practicable.

" *Third*. In the event that my estate shall amount to or be in excess of the sum of Fifteen thousand ($15,000.00) Dollars, I give and bequeath the sum of Three thousand ($3,000) Dollars to my *fiancée* Grace Stechen.

" *Fourth*. All the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situate and whatever kind or nature of which I may be seized or possessed or to which I may be entitled or in which I may be interested at the time of my death, I give and bequeath to my beloved daughter, Meryl Adrienne Simon.

" *Fifth*. I make the bequests as above specified, knowing that I am about to be married to Grace Stechen and desire that the bequests as herein made shall be in force and effect after my marriage as well as at the present time.

" *Sixth*. I hereby nominate, constitute and appoint my sister Miriam DeVries and my friend, Isaac Reiss, to be the executors of this, my Last Will and Testament, * * * In case any of my said executors shall fail to qualify or shall resign or in case of their death or other incapacity, I direct that the survivor of them shall choose or appoint an executor or trustee to act in place of the one so not serving and until the appointment and qualification of such

successor, the other remaining executor shall have the full power and authority to act under this will. I further will and direct that no bond be required of any of my executors."

Decedent left surviving him his widow, *nee* Grace Stechen, who was his second wife, and a daughter by his first wife, Meryl Adrienns Simon. His gross estate amounts to *less than $15,000*, in fact it is $14,495.54. (See paragraph 3 of the will.) No payment of any kind has been made to the widow although she has made a claim that she is entitled to her intestate share of the estate pursuant to section 35 of the Decedent Estate Law (as amd. by Laws of 1919, chap. 293). Said claim was rejected by the executors who contend that inasmuch as the estate did not amount to $15,000, said widow is not entitled to any part of said estate. The issue thus raised involves a construction of section 35 of the Decedent Estate Law as applied to the provisions of this will. Said section reads as follows:

" § 35. Revocation by marriage. If after making any will, such testator marries, and the husband or wife, or any issue of such marriage, survives the testator, such will shall be deemed revoked as to them, unless provision shall have been made for them by some settlement, or they shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and such surviving husband or wife, and the issue of such marriage, shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as they would have been, if such will had not been made. No evidence to rebut such presumption of revocation shall be received, except as herein provided."

The executors argue that (1) *provision is made for the claimant (widow)*; (2) that the claimant is described in the instrument as decedent's *fiancée* and that the will was made in contemplation of marriage; and (3) that the instrument provides that same shall be in force and effect after the marriage of the testator as well as the time of the making of the instrument. They carry their argument so far as to contend that " testator evidenced an intention not to make provision for the widow in the event the contingency did not occur " (referring to the contingency of the estate being up to or in excess of $15,000). They adopt this reasoning as their deduction from the decision in *Matter of Jones* (134 Misc. 26.) The widow contends that (1) *no provision* was made for her under the terms of the will, within the intent and purpose of the statute in question; (2) that there is no mention made in the will showing *an intention not to provide for the prospective wife of deceased.* The contentions of the widow must be upheld. In determining whether

the will is revoked as to this widow within the provisions of said section, the will and all its provisions should be considered. Preliminarily to a discussion of the two main points involved there are several facts to be borne in mind: (a) This widow was a *second wife* and decedent has a *daughter by a first wife* from whom, presumably, he was divorced; (b) the will was executed four days before his marriage to the second wife; (c) his sister and his lawyer are made executors; (d) the will was made in contemplation of marriage, no doubt, but not in the sense in which such terms are aptly used. A fair conclusion from the language used in the 5th paragraph," *and desire that the bequests as herein made, shall be in force and effect after my marriage as well as at the present time,"* is that the will was made in contemplation of section 35 of the Decedent Estate Law, otherwise why use such language or better what meaning and what purpose do those terms express? But whatever was the plan back of the will, the statutory provisions stand and the will is revoked as to the widow unless (1) " *provision* " was made for the widow by some settlement within the purview of that word as intended and used by the framers of the act; or (2) the widow was provided for in the will, or (3) unless she was " *in such way mentioned therein as to show an intention not to make such provision."* No provision was made by some settlement in the will. There is no mention by reference to any marriage settlement in the will. No contention is made by the executors that there was a marriage settlement in the will. *Second,* the widow is not " provided for " in the will. Bequeathing her $3,000 " in the event that my estate shall amount to or be in excess of the sum of $15,000 " did not " provide " anything for her so long as testator had control and disposition of his own funds and could at any minute make the so-called provision a futility. The will it will be noted contained no outright bequest, no trust income, no annuity nor referred to any life insurance. When the framers of the final amendment to this section of the Decedent Estate Law used the terms " provision * * * by some settlement " they did not mean mere words nor a mere fiction. Again all of the expression involving these terms which is used in that section means a provision or a providing for in the nature of a marriage settlement as was held by this court in *Matter of Reilly* (130 Misc. 320). In that decision an analysis of the present law (Dec. Est. Law, § 35) is carefully made and is appropriate to the instant case, though the facts are different from those now before us. *Whatsoever view we take of the above terms in section 35 the fact remains that as the estate or property of decedent now stands, there is no provision for the widow.* The third alternative element which under the statute would prevent revocation as to the widow

is likewise missing, viz., *she is not " in such way mentioned therein as to show an intention not to make such provision."* Clearly there is neither expressly nor by inference such mention of her as to show an intention to deny or deprive her of a " provision." What testator did in his will was a pretense that he was providing something for her without really providing for her; there is no semblance of a showing ' of an intention not to make such provision." The objection of the widow to the account of executors is sustained. Submit decree accordingly.