In the Matter of the Estate of WILLIAM H. TUTTLE, Deceased.

Surrogate's Court, Westchester County, January 23, 1931.

*Douglas Macduff*, for the petitioner.

*David S. Murden*, for the administrators.

SLATER, S. The decedent died May 6, 1929, leaving a personal estate of about $2,200. Two brothers of the decedent petitioned for letters of administration May 15, 1929. The petition in such proceeding stated that decedent left only said two brothers. The petitioner in the instant proceeding seeks to intervene and have the administration proceeding amended by including the name of the petitioner and her brothers and sisters as next of kin of said

William H. Tuttle, and for other relief. The parties have offered no testimony, but have stipulated the following facts:

" 1. The marriage of William T. Tuttle to Sarah M. Lounsbury on or about the year 1860, either ceremonial or by common law. Seven children were born of such marriage, four of whom died in infancy, the last one being born prior to 1870. The survivors of the seven children were Isaac A. Tuttle, Theodore M. Tuttle and William H. Tuttle, the above-named decedent.

" 2. Said William T. Tuttle and said Sarah M. Tuttle ceased to cohabit as husband and wife and separated on or about the year 1870, the said Sarah M. Lounsbury Tuttle continuing to live in Peekskill with her family.

" 3. The records of the Reformed Dutch Church of Cortlandt, Town of Montrose, N. Y., disclosed the following entry in the book of marriages of said church:

" ' Marriages by Rev. Harper: 1880 June 26 — Wm. T. Tuttle, Peekskill, N. Y. to Sarah Osborne, Peekskill, N. Y.'

" The said William T. Tuttle and Sarah Osborne cohabited together as husband and wife until the time of the death of William T. Tuttle on June 29, 1892. The children of said William T. Tuttle and Sarah Osborne Tuttle were Edward Tuttle, who died many years ago unmarried, and Levi Tuttle, who died on or about January 24, 1922, leaving him surviving several children, of whom petitioner is one, as follows:

| NAME | Age (December 20, 1930) |
| --- | --- |
| Catherine M. Mitchell | 23 |
| Margaret C. Conklin, Petitioner | 22 |
| Agnes V. Surella | 20 |
| Levi Tuttle | 18 |
| Sarah Ann Tuttle | 14 |
| James Edward Tuttle | 13 |
| Helen M. Tuttle | 11 |

" On or about the year 1882, the first family was informed that William T. Tuttle was living with Sarah Osborne near Garrison, Putnam County, N. Y. and that he was the father of a son by her.

" 4. From in or about the year 1882 the said Sarah M. Lounsbury Tuttle cohabited with one Samuel L. Turner, as husband and wife. It is unknown whether a ceremonial marriage preceded this cohabitation.

" 5. Death of William T. Tuttle on or about June 29th, 1892.

" 6. Death of Sarah M. Lounsbury Tuttle on or about November 11th, 1910.

" 7. Death of Sarah Osborne Tuttle on or about November 15th, 1904.

" 8. The Administrators are Isaac A. Tuttle and Theodore M. Tuttle, surviving children of William T. Tuttle and Sarah M. (Lounsbury) Tuttle.

" 9. The claimants are the children of Levi Tuttle, deceased, a child of said William T. Tuttle and Sarah Osborne Tuttle."

The question to be decided is whether the children born as the result of the cohabitation of William T. Tuttle and Sarah Osborne are co-next of kin with the two brothers of Wiliam H. Tuttle who died intestate in 1929.

The first clause of the stipulation agrees that William T. Tuttle was married to Sarah M. Lounsbury about 1860, either ceremonial or by common law, and that seven children were born of such marriage, the last one being born prior to 1870; one of said children being William H. Tuttle who died intestate May 6, 1929, leaving Isaac A. Tuttle and Theodore McC. Tuttle, his brothers, as set forth in the petition for letters of administration upon said estate.

To have the petition in this proceeding considered, a stipulation agreeing, or proof of the marriage of 1860, became necessary; otherwise, no relationship could exist between the parties hereto.

The stipulation fails to indicate that the marriage contract of 1860 has been ever annulled or dissolved. Both parties had, and continued to have a matrimonial domicile in this State.

The stipulation of facts states that William T. Tuttle and Sarah M. Lounsbury Tuttle ceased to cohabit as husband and wife about 1870, and that Sarah M. Lounsbury Tuttle continued to live in Peekskill with her children until her death in 1910. It is apparent that each party knew of the existence of the other.

The Revised Statutes of 1829 (Vol. 2, p. 139) say:

" § 5. No second, or other subsequent, marriage, shall be contracted by any person, during the lifetime of any former husband or wife of such person, unless,

" 1. The marriage with such former husband or wife, shall have been annulled or dissolved, for some cause other than the adultery of such person: or,

" 2. Unless such former husband or wife shall have been finally sentenced to imprisonment for life:

" Every marriage contracted in violation of the provisions of this section, shall, except in the case provided for in the next section, be absolutely void."

The provisions of section 5 of the Revised Statutes, as amended,

have been written into the Domestic Relations Law, article 2, as section 6. The Revised Statutes, section 6, article 1, title 1, chapter 8 (see Dom. Rel. Law, § 7-a) related to voidable marriage, and read as follows:

" § 6. If any person whose husband or wife shall have absented himself or herself, for the space of five successive years, without being known to such person to be living during that time, shall marry during the lifetime of such absent husband or wife, the marriage shall be void only from the time that its nullity shall be pronounced by a court of competent authority."

The court is of the opinion that there are no presumptions to be invoked in the instant case, except the one that, where there are conflicting presumptions, the stronger will prevail. Any presumption with regard to the second marriage is destroyed by the presumption of the continuance of the first marriage and by the much stronger presumption of the legitimacy of the issue of the first union. (*Matter of Cofer*, 119 Misc. 587; affd., 206 App. Div. 657; *Matter of Meehan*, 150 id. 681.)

The recent case of *Matter of Haffner* (254 N. Y. 238) had to do with the validity of marriages. Judge HUBBS said (at p. 240): " It thus appears that in 1898 when respondent and deceased entered into a ceremonial marriage in New Jersey he had an undivorced wife living in Germany, and deceased had an undivorced husband living. *Concededly, the ceremonial marriage between respondent and deceased entered into on August 14, 1898, was void as both parties thereto had at the time a living spouse.*"

The purpose and intent of the provisions of the Revised Statutes, continued in the Domestic Relations Law, hereinbefore referred to, was stated by Judge HUBBS. It is the law of the instant case. It was always the common law. (*Van Wyk* v. *Realty Traders, Inc.*, 215 App. Div. 254.)

There is a sharp distinction between marriages absolutely void and those merely voidable. A marriage is absolutely void if at the time of its celebration the former husband or wife of one of the parties was living, and that marriage was then in force. (*Stein* v. *Dunne*, 119 App. Div. 1; affd., 190 N. Y. 524; *Matter of Flynn*, 118 Misc. 876; *McCullen* v. *McCullen*, 162 App. Div. 599; *Matter of Kutter*, 79 Misc. 74; *Matter of Stanton*, 123 N. Y. Supp. 458; *Barker* v. *Barker*, 172 App. Div. 244; *Dodge* v. *Campbell*, 135 Misc. 644, 648; affd., 229 App. Div. 534, 538.) Disregard of marriage vows for a long period of time does not destroy its validity. (*Matter of Goode*, 188 N. Y. Supp. 188; *McCullen* v. *McCullen, supra.*) The question here presented is not similar to those in *Matter of Meehan* (*supra*); *Matter of Tyrrell* (115 Misc. 714; affd., 198 App. Div.

1001) and *Dodge* v. *Campbell* (229 id. 534). The statutory provision that a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living is declarative of public policy. (*Ashdown* v. *Ashdown*, 178 N. Y. Supp. 565, Justice SCUDDER.)

The attempted second marriage of William T. Tuttle to Sarah Osborne on June 26, 1880, as set forth in the stipulation of facts, No. 3, is void. Consequently, the children of that illicit relationship are not the half brothers or sisters of the decedent, William H. Tuttle, nor of his two brothers, Isaac A. Tuttle and Theodore McC. Tuttle.

It is incumbent upon the petitioner, the moving party, to prove the dissolution of the marriage of 1860. The children of the first marriage are not assailing the second marriage of their father. The burden is upon him who assails the validity of a marriage and the legitimacy of children to prove his case by evidence instead of presumptions. In the instant case the petitioner offers no proof directed at the dissolution of the marriage of 1860. Such evidence is not forthcoming.

In *Matter of Grande* (80 Misc. 450, 456 [1913]) the court said: " I have found no cases in this State in which the court has presumed the first marriage to have been legally dissolved in order to support the legality of the second marriage." The law indulges in presumptions from the *necessities* of the case in the absence of sufficient evidence to establish the fact to be proved. Here, we have a stipulation admitting the first marriage and its continuation until death.

In *Matter of Hamilton* (76 Hun, 200, 208) Judge VAN BRUNT said: " As to the question of the proof that there was no divorce or annulment of any pre-existing marriage, even in a trial for bigamy no such proof is required. The relation once established, it is supposed to continue to exist until something is proved to have dissolved it. And, the existence of this marriage between Mann and the contestant having been established, it was incumbent upon her to show that the disability had been removed when she attempted to marry the testator."

The petition is dismissed.