STEPHANIA STAROSTA, Plaintiff, *v.* AGNIESZKA KASZUBINSKA and HELEN KASZUBINSKA, Interpleaded by POLISH ROMAN CATHOLIC UNION OF AMERICA, Original Defendant, Defendants.

Supreme Court, Erie County, December 10, 1937.

*Harry A. Rachlin,* for the plaintiff.

*George E. Phillies,* for the defendant Agnieszka Kaszubinska.

*Holt, Holt & Holt,* for the defendant Helen Kaszubinska.

HINKLEY, J. This is an action tried before the court without a jury. The Polish Roman Catholic Union of America, a fraternal benefit insurance society, has paid into court in the above-entitled action the sum of $1,000. That sum represents the proceeds of a certificate of insurance issued October 15, 1925, upon the life of one Wincenty Kaszubinska. The plaintiff and each of the individual defendants claim to be entitled to the sum so deposited.

The facts are undisputed that defendant Helen Kaszubinska married the insured, now deceased, in 1902, and lived with him five or six years. Although they separated, that marriage was never annulled or dissolved, but existed at the time of the death of the insured. The defendant Agnieszka Kaszubinska, on February 6, 1926, entered into a ceremony of marriage with the insured. Although such marriage was void from its inception, they continued to live as man and wife until January, 1936. The insured thereupon went to live with the plaintiff, Stephania Starosta, and lived at her home until September, 1936. The insured in September, 1936, went to the poor house (charitably designated as Erie County Home), where he remained until his death on November 20, 1936.

The plaintiff in the action, Stephania Starosta, is not entitled to the fund. She was not named as a beneficiary in the certificate of insurance, and she is not and never was within the class of beneficiaries designated under the constitution of the society or the Insurance Law. Her only claim is under section 17, article 21, class 4, of the constitution, laws, rules and regulations of the society. That section gave to the insured the right to designate her as his beneficiary, subject to certain restrictions. She was required to certify " in the form and way satisfactory to the Executive Council that she would maintain and support the member." She did agree upon the proper blank (Exhibit 2 in evidence) to support the insured and " pay his membership dues and assessments." This petition (Exhibit 2) was received by the insurer as indicated by its stamp. But to become effective as a change of beneficiary it was essential that the certificate of insurance be surrendered, which was not done. It was also necessary, as indicated upon the petition, that both the president and secretary of the insurer investigate the matter thoroughly.

This is not within the line of decisions in which the failure of the insurer to change a beneficiary was a neglect upon its part to perform a single routine, perfunctory, ministerial act, in which act equity would consider as done that which should have been done. Nor is it within the line of decisions that only the insurer could raise the objection that a change of beneficiary had not been consummated and that even then the company was estopped to set up

that defense because of its failure to act. Here there is not a particle of proof that any investigation was had, and the failure of the president and secretary of the insurer to attach their signatures indicates that there never was a confirmation of the proposed change of beneficiary to the plaintiff herein. Concededly great caution should be observed by the insurer to see that no improper advantage was taken of one of its aged or ill members by some designing person. While perhaps plaintiff acted in good faith, yet her ability to carry out the obligation to care for the insured and to pay his membership dues and assessments is open to question. The plaintiff, on February 20, 1936 (Exhibit 2), attempted to contract to support the insured. And yet on May 16, 1936, the attorney for the insured wrote (Exhibit 5) that plaintiff's husband was the man with whom the insured went to live and who was to be the beneficiary. Cotemporaneous with the receipt of the request for a change of beneficiary to plaintiff (Exhibit 2), the insurer received a request for a new certificate to replace the original claimed at that time to have been beyond the control of the insured. All of these circumstances would naturally have thrown doubt upon the advisability of confirming an application for a change of beneficiary to plaintiff if a thorough investigation had been made by the president and secretary of the insurer as contemplated and required. Thus it is apparent that the contractual relations between the insured and plaintiff were never consummated. Furthermore, the proposed contract required that plaintiff should provide support and maintenance for the insured and pay his membership dues and assessments during his inability so to do. Concededly plaintiff did not complete her part of the obligations of the proposed contract. She did not pay any dues or assessments, and for the two months or more prior to the death of the insured in the Erie County Home the plaintiff did not provide for his support when concededly he was at that time unable to provide for himself.

The lawful wedded wife, Helen Kaszubinska, is not entitled to the fund because the certificate of insurance provides that it shall be paid to the beneficiary therein named, and her name does not appear in the certificate. Although she was his wife at the time of his death, she never was named as beneficiary in any manner. Section 7 of class 3 of article 21 of the constitution, laws, rules and regulations of the society does not avail her because the insured did not designate as beneficiary either her or any other person in class 2 of that article of the constitution, laws, rules and regulations.

The defendant Agnieszka Kaszubinska is not entitled to the fund. Her marriage to the insured was absolutely void as he had

at that time a wife living and from whom he was not divorced. (Dom. Rel. Law, § 6; *McCullen* v. *McCullen*, 162 App. Div. 599; *Stein* v. *Dunne*, 119 id. 1; affd., 190 N. Y. 524.) The claimed marriage of Agnieszka Kaszubinska to the insured being void never existed, and she was not at the time of the death of the insured, nor at any other time, his wife. Not being a wife nor related in any manner by blood or marriage to the insured, she did not come within the beneficiaries permitted either by the constitution, laws, rules and regulations of the society (Art. 21, § 2, class 1), or the statute (Insurance Law, § 231, subd. 2). Neither can she claim to have been included in class 2 of article 21, chapter 6 of the constitution, laws, rules and regulations of the society as amended, because at the time of the death of the insured he was not supporting her nor she him. Her sole claim as a beneficiary and her designation in the certificate of insurance was as his wife, which relationship could not and did not exist. The insurer has paid the proceeds of the certificate of insurance into court, and having acknowledged this obligation to pay, cannot now take advantage of section 10, class 3 of article 21 of the constitution, laws, rules and regulations of the society.

The court is faced with a peculiar situation, which is apparently of first impression. No one of the three women, the plaintiff or either defendant, is entitled to the fund. No one of them earned a share in the proceeds of the certificate of insurance by reason of her solicitude for the well being of the deceased or her devotion to his best interest. All three permitted him to die in the poor house. Plaintiff, however, did support the deceased for at least ten months. The defendant Agnieszka Kaszubinska did live with him for some years and pay certain premiums due upon the certificate, and at one time paid back dues for his reinstatement in the society. The defendant Helen Kaszubinska was at the time of the death of the deceased his lawful wedded wife, although for approximately thirty years prior to his death he received neither the benefit of her services nor the enjoyment of her society, which from the time of her separation from the insured about 1907 were bestowed in another direction.

Each woman, under the circumstances, has an equal equitable claim by reason of relationship or as recompense for money expended for support and for premiums upon the certificate of insurance. An equal division among the plaintiff and the two defendants will answer the demands of justice and be within the equitable powers of this court in an equity action.

Judgment may be entered, without costs, as herein indicated.