Regis O’Brien, J.
This is an action in which the summons is indorsed with the words ‘ ‘ Action for annulment by declaratory judgment.” The complaint alleges that “on or about the 1st day of April 1950 in the City of Buffalo, New York, plaintiff and defendant entered into a common law marriage, which did not comply with the Laws of the State of New York”; that “asa result of said illegal common-law marriage two children were born ”, one on April 9, 1951, and the other on February 8, 1953; that1 ‘ at the time of entering into said marriage, plaintiff and defendant believed such an illegal common-law marriage was lawful in the State of New York ”; that “ no ceremonial marriage of any kind or nature has ever been entered into, nor has any marriage license been obtained by either party in this state or any other state in the United States ”; that “on or about January 13,1956, plaintiff and defendant discovered that said purported marriage was illegal and contrary to the laws of the State of New York”; that the “ so-called common-law marriage has never been dissolved by any decree of the Courts of New York or by any decree of the Court of any other state in the United States or any other country ”; that it is “ essential to the preservation of plaintiff’s rights, property and otherwise, and of his marital status and reputation in the State of New York, that a declaratory judgment be entered herein, declaring that the said defendant is not and never has been the wife of the plaintiff herein and that the children of said marriage are *857 legitimate offspring of said marriage and that their rights in accordance with the laws of the State of New York and the Laws of the United States be protected.”
Based on the foregoing, the prayer of the complaint requests a declaratory judgment, decreeing and adjudging that (1) “ the plaintiff and defendant are not lawful husband and wife and that said illegal common-law marriage between them on or about April 1st, 1950, is null and void ”; and that (2) “ the children of said mistaken illegal marriage be declared the legitimate children, with all the rights and benefits provided, be afforded them by both plaintiff and defendant;” and that (3) “the mother, the defendant Lynn Fergusson, be awarded custody of the two children, with the right of visitation of the plaintiff at reasonable times” and; that (4) “the plaintiff pay for the support and maintenance of each of said children, the sum of $12.50 per week ”; and that (5) for such “ other and further relief and declaration of the rights and legal relations of the parties to this action, as shall be necessary and proper.”
The defendant did not appear or plead in the action. The matter was presented to the court as a default. Suggestions were made by the court to the plaintiff’s attorney that the presentation of proof be delayed to permit the court to research the question of its jurisdiction, and the necessity of appointing guardians ad litem to protect the interests of the children. However, because of the convenience of the witnesses, their testimony was taken subject to later decision on the questions involved.
Plaintiff submitted a brief which I have examined. The cases therein cited do not sustain the contention therein made as to the court’s jurisdiction of this matter. The cases cited of Ray v. Ray (193 Misc. 131); McCullen v. McCullen (162 App. Div. 599); Stein v. Dunne (119 App. Div. 1, affd. 190 N. Y. 524) and Rosenwald v. Rosenwald (64 N. Y. S. 2d 178, revd. 272 App. Div. 1027) all refer to questions and issues created by a marriage.
In the Bay case (supra) it was a question as to whether or not a marriage entered into by written agreement of the parties was a Pennsylvania or a New York contract. The court declared the “marriage” void because the agreement was executed in New York, hence illegal.
In the McCullen case (supra) the question under consideration was the effect of a marriage formally celebrated but prior in date to the granting of an annulment of a prior marriage on the grounds of fraud. It was contended in this action that the annulment, though granted after the second marriage, reverted *858 in its effect, back to the date of the first marriage and, therefore, the second marriage was legal. The court declared the second marriage illegal because the lady had a husband living when she contracted it.
The Stein case (supra) was an action in 1907 for breach of a promise to marry. The issue before the court was the disposition made of defendant’s demurrer to the plaintiff’s reply to affirmative defenses and the dismissal of the complaint on the merits by the trial court.
The opinion in the Rosenwald case cited (272 App. Div. 1027, supra) gives no facts, but they appear in the opinion of the trial court (supra). It appears from the latter citation that Jeanette Eosenwald and Samuel Eosenwald were formally married in Connecticut on May 1,1945. The defendant, Samuel Eosenwald, had obtained a Mexican decree of divorce from one Sara Vogel Eosenwald on April 14,1945. In view of the facts existing at the time the Mexican decree was obtained, the plaintiff, Jeanette Eosenwald, requested a declaration of her marital status. The trial court dismissed the complaint but the Appellate Division reversed that judgment stating (supra, p. 1027) “ plaintiff is entitled to a trial of the issues of fact presented by the pleadings.” Obviously the facts in each of those cases are far different from those here. In each of those cases there was a bona fide controversy, or issue, as to the effect of a marriage entered into by two parties, in accordance with one of the methods authorized and prescribed for its solemnization, by section 11 of the Domestic Eelations Law.
Here it is alleged and conceded that there was no marriage. According to the testimony, all of which was submitted by the plaintiff and defendant, the parties on or about April 1, 1950, started living together without *1 any agreement as of that time regarding a marriage ” and without any “ ceremonial marriage ” being performed. Each admits that thereafter two children were born, of which plaintiff was the father and defendant was the mother. Each admits that the mother had, previous to said April 1, 1950, been the defendant in an action for absolute divorce in 1947 and that the decree granted therein is still in effect and prohibits her from remarrying.
Each further admits that in January of 1956, they ceased cohabiting together. Under the foregoing facts, the cohabitation between the parties did not ripen into the status of either a 11 void ” or a “ voidable ’ ’ marriage. A 1 ‘ void ’ ’ marriage is defined by section 6 and a ‘ ‘ voidable marriage ’ ’ by section 7 of the Domestic Eelations Law.
*859 The testimony presented in this case does not reveal any status or state to which either of the above definitions of “void” or “voidable” is applicable. On the contrary, the relationship was not a marriage of any description, as the former recognized status of “ common law marriage ” has been proscribed in this State since April 29, 1933 (L. 1933, ch. 606). Perhaps, if the relationship into which the parties entered as they testified, constituted a ‘ ‘ marriage ’ ’ an action would be maintainable under sections 473 and 1132 of the Civil Practice Act to procure a judgment declaring its status as contended by the plaintiff but in view of my conclusion above stated, it is unnecessary to pass on that question.
Undoubtedly this court has power to entertain an action for a declaratory judgment in a proper case, but I have concluded that this case is not one where favorable discretion may be exercised. Under the decisions, in order to give the court jurisdiction, it is necessary to have “ a bona fide existing controversy, with the subject-matter and the parties in interest in court, and a situation where adequate relief is not presently available through the medium of other existing forms of action ’ ’ (Union Trust Co. v. Main & South Streets Holding Corp., 245 App. Div. 369, 370). As was said by the court in James v. Alderton Dock Yards (256 N. Y. 298, 305) “ The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The discretion must be exercised judicially and with care.”
The allegations of the complaint do not indicate disputed jural relations between the parties. It is not claimed that a marriage ceremony was performed which has been discovered to be illegal. It is alleged and admitted that there never was a marriage between the parties. The complaint not only fails to allege any dispute, but the testimony also fails to show any controversy between the parties. The situation is similar to that to which reference is made in the opinion by the court, in the case of Wardrop Co. v. Fairchild Gardens (237 App. Div. 605). There the court states at pages 606 and 607: “ Certainly, under such conditions, no effective declaratory judgment could be made, assuming that any reasonable basis for such relief was otherwise presented. The court must be convinced before granting a declaratory judgment that it will serve some practical function by stabilizing disputed legal relations.” [Citing cases.] “ This complaint in its requirements goes beyond any purpose which the declaratory judgment was designed to effect. ’ ’ *860 (See Matter of Lindewall, 287 N. Y. 347, 356, and Wilder v. Wilder, 181 Misc. 1059.)
It is asserted that the major objective of this action is to legitimatize the children. Naturally the court is most sympathetic with such laudable purpose but is without power to accomplish it by declaration.
Complaint dismissed.
The foregoing constitutes my statement of reasons for declining jurisdiction herein as required by rule 212 of the Rules of Civil Practice.