William J. Regan, S.
The infant in this adoption proceeding was horn on January 22, 1967. The natural mother, one of the petitioners herein, was at that time under the impression that she was married to the natural father by reason of a marriage ceremony that was performed on July 3,1966. The natural father disappeared approximately one month after the birth of the infant and his whereabouts remain unknown to the petitioners.
Prior to this proceeding it was discovered that the natural father at the time of his marriage to the natural mother was, in fact, married to another woman until December 13,1966, at which time his prior marriage was judicially dissolved in Erie County, New York. The petitioners were married on May 3, 1969. The questions that arise with respect to this proceeding are twofold: one, is an action to declare the nullity of the prior void marriage of the natural mother necessary to validate her present marriage to the petitioning foster father? two, is the consent of the natural father necessary in this adoption proceeding?
Section 6 of the Domestic Relations Law states that a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living. (Exceptions not applicable herein.) The requirement of an action declaring the nullity of such a void marriage is not mandated by the wording of subdivision (a) of section 140 of the Domestic Relations Law which states as follows: 1 ‘ Former husband or wife living. An action to declare the nullity of a void marriage upon the ground that the former husband or wife of one of the parties was living, the former marriage being in force, may be maintained by either of the parties during the life-time of the other, or by the former husband or wife.” Because .such a marriage is void from its inception no decree declaring it to be void is required. (McCullen v. McCullen, 162 App. Div. 599; Stein v. Dunne, 119 App. Div. 1, affd. 190 N. Y. 524.) Neither laches nor the birth of a child of a second marriage can clothe it with sanctity. (Ventura v. Ventura, 53 Misc 2d 881.) This court is satisfied, therefore, that the marriage of the petitioners is a valid, existing marriage, despite the absence of a decree adjudging the prior marriage of the natural mother a void marriage.
The issue concerning the consent of the natural father becomes more complex. The first impression is to dispense with the consent of the natural father. Section 111 of the Domestic Relations Law provides as follows:
‘ ‘ Whose consent required.
*1056 “ Subject to the limitations hereinafter set forth consent to adoption shall be required as follows:
“ 1. Of the adoptive child, if over fourteen years of age, unless the judge or surrogate in his discretion dispenses with such consent;
“2. Of the parents or surviving parent, whether adult or infant, of a child born in wedlock;
“ 3. Of the mother, whether adult or infant, of a child born out of wedlock ”.
The section further provides that the consent shall not be required of a parent who has abandoned the child. The consent of the natural father, therefore, is not required where the child is born out of wedlock. But is the infant in this proceeding a “ child born out of wedlock ”? By statutory provision (Domestic Relations Law, § 24, subd. 1) the issue of a void marriage is declared to be the legitimate issue of such marriage. “ 1. A child heretofore or hereafter born of parents who prior or subsequent to the birth of such child .shall have entered into a civil or religious marriage, or shall have consummated a commoh-/ law marriage where such marriage is recognized as valid, in the manner authorized by the law of the place where such marriage takes place, is the legitimate child of both natural parents notwithstanding that such marriage is void or voidable or has been or shall hereafter be annulled or judicially declared void.” This .section confers legitimate status on children whose parents have intermarried, notwithstanding the fact that such marriage may be void or voidable, or has been judicially declared to be void or has been annulled. This gives rise to still another question pertaining to the rights of the unwed father. (This court has commented on rights of unwed fathers as applicable to guardianship proceedings. (Matter of Morgan, 70 Misc 2d 1063.)
However, subdivision 1 of section 24 is not intended to expand the rights of the unwed father. The obvious purpose of the statute is to remove the stigma of illegitimacy from issue that by reason of circumstances and public policy should be declared legitimate.
The obligations of the parents are geared to the rights of the children as legitimate issue. Benefits are conferred upon the. issuerof the illegitimate union, not upon the parties to such union.
A void marriage remains void as between the respective spouses and subdivision 1 of section 24 of the Domestic Relations Law cannot be used to validate that which is void ab initio. Thus, because the infant in this proceeding is the legitimate issue of *1057 the parties to the aforesaid marriage, the consent of the natural father is necessary for his adoption.
It is therefore the decision of this court that in the absence of other circumstances making applicable one of the statutory exceptions, the consent of the natural father is mandatory. The petitioners shall be given the opportunity to prove allegations of abandonment by the said father in order to overcome this requirement. Notice to the natural father shall be given in such manner as shall be directed by this court upon application by the petitioners.